MIR SAIED KASHANI SBN 144805
800 WEST FIRST STREET SUITE 400
LOS ANGELES, CALIFORNIA  90012
213-625-4320
saiedkashani@gmail.com

Attorney for Plaintiff
SHEIDA ABBASI DEZFOULY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## DOWNTOWN LOS ANGELES (WESTERN) BRANCH

| | |
|---|---|
| SHEIDA ABBASI DEZFOULY, individually and on behalf of all others similarly situated, | Case No. |
| | CLASS ACTION |
| Plaintiff, | |
| v. | INDIVIDUAL AND CLASS ACTION COMPLAINT |
| CTF ASSET MANAGEMENT LLC, a Texas limited liability company; SPECIALIZED LOAN SERVICING LLC; and DOES 1 through 20, inclusive, | 1.  Violations of the 15 U.S. Code § 1641(g) (Truth in Lending Act § 131) |
| Defendants. | 2.  Violations of Truth in Lending Regulations including the Periodic Statement Rule |
| | JURY DEMAND |

Plaintiff SHEIDA ABBASI DEZFOULY, by and through her

attorney, brings this action individually against defendants

Specialized Loan Servicing LLC ("SLS") and CTF Asset Management LLC ("CTF"); and on behalf of herself and all other similarly situated members of the public against defendant CTF only, and against DOES 1 through 20, inclusive, for penalties, damages and attorney fees pursuant to 15 United States Code § 1640 and associated regulations, and for other available relief.

Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1.   Plaintiff Sheida Abbasi Dezfouly ("Sheida") individually sues (a) SLS for violation of TILA federal regulation 1026.41, failure to send her monthly mortgage loan statements for years including 2014, 2015, 2016, 2017, 2018 and half of 2019 and (b) CTF for a violation of the the Truth in Lending Act ("TILA") as amended 2009, specifically, failure to give her notice of transfer of mortgage loan(s) to CTF.  TILA, 15 U.S.C. §§1601, et seq. and (b).  Plaintiff also brings this class action against CTF only for failure to give notice of transfer of mortgage loans in violation of TILA, both as to her mortgage and all mortgages similarly situated.

**JURISDICTION AND VENUE**

3.   This Complaint for damages is filed consistent with 15 U.S.C. § 1640(a), and seeks recovery of damages in favor of plaintiff borrower and borrower class members as contemplated by 15 U.S.C. § 1640(a)(2)(B).

4.   This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, and 15 U.S.C. § 1640(e).

5.   Venue in the Central District of California is proper under 28 U.S.C. § 1391.  A substantial part of the events or

2

omissions giving rise to the claim occured, and the property subject of plaintiff Sheida's claim is situated, in the Central District of California.

6.    At all times relevant hereto, defendants CTF and SLS conducted business with, and have otherwise so acted and practiced as to have affected, individual consumers - as defined by 15 U.S.C. §1602(i) -- who entered into separate "residential mortgage transactions" -- as defined by 15 U.S.C. §1602(x) - including certain consumers residing in the Central District of California, including without limitation plaintiff KASHANI.

**PARTIES**

7.    Plaintiff ("Sheida") is a single (divorced) mother with a minor child who resides in a modest condominium she owns at 1236 Columbus Ave. Unit 16, Glendale, CA 91202 (herein, the "Property" or "subject property", which has the following legal description:

The land referred to is situated in the County of Los Angeles, City of Glendale, State of California, and is described as follows:

Parcel 1:

That portion of Lot 1 of Tract No. 31584, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 852, Pages 50 to 52 inclusive of maps, in the office of the County recorder of Los Angeles County, shown and defined as Unit 16 on the Condominium Plan recorded June 5, 1975, as Instrument No. 3495 of Official Records of said County.

Parcel 2:

An undivided 1/44th interest in and to that portion of Lot 1 of said Tract No. 31584, shown and defined as "Common Area" on said Condominium Plan.

APN 5633-13-39

8.    In 2006 Sheida as co-borrower with her then-husband Amir M. Alaghehmand obtained a mortgage loan from then IndyMac

Bank in the principal amount of $81,000, secured by a second position deed of trust on her condo. This mortgage loan will be referred to herein as the "subject" or "Sheida" mortgage loan.

9. Defendant CTF is a "vulture fund" which specializes in buying old, distressed, underperforming or nonperforming mortgage loans and then quickly foreclosing on the hapless borrower. In many cases (as with Sheida), the borrower received no notice regarding the mortgage loan for years and reasonably believed the loan had been modified or otherwise settled. On information and belief, and not that it matters at all to the statute, in order to mislead consumer borrowers or reduce points of contact for them, CTF fails to give notice of assignment of the mortgage loan to the borrowers. The only notice that is given is notice of transfer of the servicing agent, which does not comply with TILA.

10. As against CTF, plaintiff brings this case individually and as a FRCP Rule 23(b)(3) class action and on behalf of that class of consumers defined as follows: that group of natural persons made up of consumer borrowers of residential mortgage loans whose mortgages were purchased by or otherwise assigned to CTF within the applicable statute of limitations (one year from notice of transfer), to whom CTF failed to give timely and proper written notice of assignment of the mortgage loan to CTF as required by TILA, 15 U.S.C. 1641. The term "residential mortgage loan" means a loan secured by a deed of trust (aka mortgage) on residential property, and refers to both the loan (note) and the security instrument (deed of trust). As used herein the term refers equally to first and second trust deeds.

4

11.  Defendant SLS is a notorious loan servicer that has been the subject of several class actions and at least one substantial penalty from the Consumer Financial Protection Bureau.  On information and belief, from 2009 through 2019, SLS was the (nominal) loan servicer of the subject mortgage loan.

12.  Plaintiff is unaware of the true names and capacities of defendants DOES 1 through 20, and therefore suessaid defendants by such fictitious names.  If and when the true names and capacities of defendants DOES 1 through20 are discovered, Plaintiff will seek leave to amend this complaint to substitute the true namesfor such fictitious names.

**PLAINTIFF SHEIDA'S FACTS**

13.  In 2006 Sheida and her then-husband as co-borrowers obtained a first and second mortgage from what was then IndyMac Bank.  Both mortgages were signed and recorded the same day, within minutes of each other.  Several circumstances not directly relevant to this lawsuit led Sheida reasonably to believe this was a combined loan to be treated together.  In 2009, in the middle of the recession, Sheida and her husband entered into a loan modification agreement with the lender, which at the time was still called IndyMac.  The loan modification agreement actually referred to two separate amounts, the second in the approximate amount of $68,000 which was reasonably close to the nominal amount of the second mortgage after some years of payments.  These and other circumstances reasonably led Sheida to believe that the modification agreement covered both the first and second loans.

14.   Sheida performed the terms of the loan modification and no one contends otherwise.  Sheida never heard about any problems with the first *or* second mortgage until 2019, ten years after the modification.

15.   Some time before 2014 and apparently as early as 2009, SLS became the servicing agent or "servicer" of the second (subject) mortgage loan.

16.   In late 2014, Sheida's husband alone filed for Chapter 7 bankruptcy protection.  He received a discharge on March 23, 2015.

17.   Not later than 2014, SLS stopped sending any mortgage statements, not only to Sheida's husband, but to Sheida herself. The lack of receipt of any mortgage statements, together with other circumstances, reasonably led Sheida to believe both loans were current or otherwise part of the modification, and in any event that there was no risk of foreclosure of the second (or first) loan.  In reliance on this belief, Sheida spent considerable of her own money improving the condominium.  No statements or notices of any kind were sent on the second mortgage from not later than 2014, through and including July 2019.

18.   Under Part 1026 Code of Federal Regulations (CFR) section 1026.41, part of so-called "Regulation Z", and promulgated pursuant to the Truth in Lending Act, loan servicers such as SLS must periodically and not less than every 30 days, send to the borrower a statement stating, among other information, the amount due, the payment due date, the amount of any late payment fee, breakdowns showing principal and interest,

the interest rate, and other information.  This is referred to as the "periodic statement rule".

19.  Under Section 1026.41, the bankruptcy of Sheida's husband did not excuse the obligation to send periodic statements to Sheida.  Moreover, the bankruptcy time period was only a few months from filing in late 2014 to discharge in March 2015.  At all times, SLS was obligated to send statements to Sheida.  And in any event, certainly after certain amendments in 2018 if not before, the filing of bankruptcy did not excuse the requirement to send monthly notices in any event, rather, the notices were simply to contain certain disclaimers and could omit certain information as to the debtor in bankruptcy.

21.  SLS is liable for statutory damages and penalties for failure to comply with TILA including the periodic statement rule.  Per Code this is a matter of strict liability, i.e., good faith mistake or "substantial compliance" does not matter and is no defense.

22.  On August 21, 2019, the subject second mortgage loan was transferred to CTS.  The date of transfer clearly appears on the recorded deed transfer (attached), which states:

> MERS by these presents does hereby assign and set over, without recourse, to CTF Asset Management LLC,the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by AMIR M ALAGHEHMAND AND SHEIDI ABBASI DEZFOULY HUSBAND AND WIFE AS JOINT TENANTS...
>
> Property address:  1236 NORTH COLUMBUS AVE UNIT 16, GLENDALE, CA  91202

Executed on: August 21, 2019
MERS
by Connie Marie Riggsby, Asst. Secretary

23.   Under the Truth in Lending Act as amended (2009)
section 1026.39 (15 U.S.C. § 1641(f),, the transferee/assignee of
a mortgage loan must notify the borrower in writing not later
than 30 days after the borrower's mortgage loan is sold or
otherwise transferred or assigned.  The notice must inform the
borrower of (1) the name, address and telephone number of the
transferee; (2) the date of the transfer; (3) the name, address
and telephone number of an agent or party authorized to resolve
issues with the consumer; (4) where transfer of ownership is or
may be recorded in public records, or, alternatively, "that the
transfer of ownership has not been recorded in public records at
the time the disclosure is provided"; and (5) "Partial payment
policy."  Subpart (5) requires a number of specific disclosures
in the notice regarding partial payments.

24.   The notice must contain all of (1) through (5) above,
including the section on Partial Payments.  Additional
information is optional but the above information is mandatory.
Per Code the notice and its required contents are a matter of
strict liability, i.e., good faith mistake or "substantial
compliance" does not matter and is no defense.

25.   The notice must be mailed to the consumer i.e. the
borrower.

26.   CTF never gave notice of the transfer as required by
TILA.

27.   On or after July 2019, SLS apparently sent Sheida a
notice that the servicing of the loan was being transferred to

another company.  The notice gave no indication the loan itself had been assigned, only that servicing was being transferred. This appears to have been the first notice of any kind sent to Sheida pertaining to the subject mortgage loan for many many years.

28.  Sheida was not to discover the transfer of the mortgage until April 2020 or later, and only upon the specific written demand from her agent for information from SLS, and only "buried" and implied in a long legalistic letter from an attorney claiming to be attorney for the servicer and/or the assignee.

29.  To this day, no notice of transfer of the mortgage in compliance with TILA, or otherwise, has been sent to the borrower.

30.  In August 2020, counsel for Sheida requested the attorney for the servicer (who it appears is also attorney for CTF) to provide a copy of any notice of transfer sent to the borrower.  Counsel eventually provided an undated, unsigned and highly suspect document, copy attached, that even if valid did not comply with TILA requirements.  The original source of this document was Nick Flaherty, president of CTF, not counsel himself.

31.  The *alleged* TILA notice did not contain the required disclosure as to Partial Payments and was incomplete and misleading as to other requirements.  For example as to recordation, the document stated, "The transfer will be publicly recorded" but did not state *where* the recordation may be made as required by subpart (4).  For these reasons alone, even if the notice was actually sent (which is doubtful), the notice did not

qualify as a TILA notice.  The alleged TILA notice was also defective because it was not properly addressed.  The address is a unit in a multi unit complex.  Ever notice or statement ever sent to this borrower, and the address of record on the trust deeds and every other recorded document including the recorded assignment, bore the address "1236 North Columbus Ave. Unit 16, Glendale, California  92012.  However the alleged TILA notice, alone among the documents, has the address only as "1236 North Columbus Ave, Glendale, CA 91202" i.e. no unit number.  This address was defective on its face to reach the consumer.  The names on the notice were "Amir Alaghehmand & Sheida Dezfouly" which also do not match the names on the deeds or any other notice, which give the names correctly as "Amir M. Alaghehmand" and "Sheida Abbasi Dezfouly."  The alleged TILA notice gives a date of transfer of April 25, 2019, which is completely inconsistent with the recorded assignment.  There are other inconsistencies.

32.  The document, sent electronically, showed signs of "scrubbing" to electronically remove the metadata which might have shown when the document was originally created, i.e., in or around the time of alleged notice, or last week in response to Sheida's counsel's request.  The document is both unsigned and undated.  The lack of date, in particular, is quite curious in a document subject to a strict time limit.

32.  When asked, counsel for CTF said only that the notice was sent by "regular mail."  No proof of mailing has been provided.  Metadata has not been provided.

33. If discovery shows this document to be inauthentic, plaintiff will seek leave to amend this complaint to assert further violations and to seek punitive damages.

34. In any event, even if sent, the document did not comply with TILA, due to lack of the Partial Payment section alone. As this is the only document CTF cites, CTF plainly did not give the mandated notice of transfer.

35. According to industry notices and press releases, CTF has recently acquired a portfolio of non- or under-performing residential second mortgages dating from before the 2009 recession. On information and belief, CTF believes the properties subject of these mortgages now have sufficient equity such that CTF can profitably foreclose on the homes and throw the owners out. That aside, there is nothing special about Sheida's loan. Therefore, that CTF failed to give notice of assignment of Sheida's loan, strongly indicates CTF failed to give notice of assignment in respect of many other loans to many other consumers.

36. On information and belief, CTF does not give notice of transfer (a) to avoid having to give contact information and then be contacted by borrowers (one of the requirements of TILA); (b) to hide its hand in the affair and avoid adverse publicity; (c) to further lull borrowers, many of whom may have heard nothing regarding these loans for years, into a sense of security; (d) to avoid having to set up and maintain an accessible point of contact for borrowers, which is a requirement in many States. If borrowers never learn CTF bought their loan, CTF simply never has to deal with borrowers.

37.  Defendant CTF failed - whether within 30 days of the date of alleged transfer or otherwise - to provide plaintiff Sheida the notice required by 15 U.S.C. § 1641(g)(1).

38.  TILA is explicit and straightforward.  If no timely notice was given as required by 15 U.S.C. § 1641(g), defendant CTF is liable to plaintiff Sheida (and the class) for damages, amounts, and costs as set forth in 15 U.S.C. § 1640(a).  This is a matter of strict liability.

**CLASS-WIDE FACTS**

39.  On well-founded information and belief as explained above, CTF purchased a number of mortgage loans and failed to give notice of transfer as to all said loans.  Again, there is no reason to believe CTF picked Sheida out of all the loans it purchased and then failed to give notice to Sheida alone.  Put another way, from CTF's point of view there was nothing unique about Sheida's loan such that CTF would have singled out Sheida *not* to receive a notice.  Alternatively, assuming the alleged TILA notice was sent, there is every reason to suppose the same defective form of notice was sent to all borrowers (and if CTF produces a *different* form of notice sent to other borrowers in response to this complaint, this would make the alleged notice sent to Sheida even more suspect -- why would she receive a different form of notice?).

40.  Defendant CTF is subject to liability for actual and/or statutory damages as set forth in 15 U.S.C. § 1640(a) for its failure to give that notice required by 15 U.S.C. 1641(g), and such liability extends to each individual Residential Mortgage Loan borrower to whom such notice was due.

**CLASS ACTION ALLEGATIONS**

41.   Accordingly, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, plaintiffs sue on behalf of themselves and all consumers similarly situated, and Plaintiffs will seek certification of the following consumer class ("Class"):

> That group of natural persons made up of consumer borrowers of residential mortgage loans purchased by or otherwise assigned to CTF within the applicable statute of limitations and to whom timely notice of transfer was not given under the Truth in Lending Act, 15 U.S.C. § 1641(g)(1).  The term "residential mortgage loan" means a loan secured by a deed of trust (aka mortgage) on residential property, and refers to both the loan (note) and the security instrument (deed of trust).  The applicable statute of limitations is one year from when the consumer learned or reasonably should have learned of the transfer, which is the first date the consumer received a written notice containing the information required by TILA, 15 U.S.C. § 1641(g)(1).

42.   The class as defined meets the requirements of FRCP 23 because:

> a.   *Numerosity.*  According to press releases, CTF was specifically set up and funded to purchase dated, non-performing or under-performing residential mortgages and has been in this business since at least 2015.  Although the number of Class members is not presently known, plaintiffs is informed and believes there were hundreds of geographically dispersed Residential Mortgage Loan borrowers in the class.

b.   *Commonality.*   Common questions of law and fact existing as to all Class members predominate over questions affecting only individual Class members. Without limitation, these common questions include:

1.   Whether Class member's Residential Mortgage Loans - each secured by a Class member's respective personal dwelling - were "sold or otherwise transferred" to defendant CTF; and

2.   Whether defendant CTF gave timely notice of transfer consistent with TILA requirements. 15 U.S.C. § 1641(g)(1).

c.   *Typicality.* The claim of plaintiff Sheida is typical of the claims of Class members because:

1.   Plaintiff was and is borrower on a Residential Mortgage Loan transferred to CTF within the subject time period;

2.   Defendant CTF did not provide plaintiff Kashani with timely written notice of Residential Mortgage Loan transfer as required by TILA.  15 U.S.C. § 1641(g)(1).

3.   Defendant CTF did not provide any individual Class members with timely written notice of Residential Mortgage Loan transfer as required by TILA.  15 U.S.C. § 1641(g)(1).

d.   *Adequacy of Representation*:  Plaintiff Sheida will fairly and adequately protect the interests of members of the Class.  Plaintiff has retained competent and experienced counsel to represent her interests and

those of Class members.  Plaintiff  has the necessary financial resources to adequately and vigorously litigate this class action, which necessary resources are not extensive given the straightforward nature of the action.  Plaintiff has no interests adverse or antagonistic to those of the Class.  Plaintiff is willing and prepared to serve the Class in a representative capacity, with all the obligations and duties attendant thereto, and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

43.  *Superiority of Class Action*:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy subject of this complaint, and will create a substantial benefit to both the public and the courts in that:

a.   Costs of prosecuting all thee action individually would substantially exceed the costs of prosecuting the case as a class action;

b.   Class certification will obviate the necessity of a multiplicity of claims;

c.   It is desirable to concentrate the litigation of these claims in a single forum;

d.   Unification of common questions of fact and law into a single proceeding before this Court will reduce the likelihood of inconsistent rulings, opinions, and decisions.

e.   A class action is a superior means of fairly and efficiently resolving this dispute.  The statutory penalty for failure to give notice is a few thousand dollars.  Given the complexity of the issues presented here, individual claims are not sufficiently sizeable to attract the interest of able and dedicated attorneys who will prosecute them on a contingency basis, and a class action is therefore essential to prevent a failure of justice.

f.   TILA specifically recognizes the use of a class action in circumstancessuch as these.  15 U.S.C. § 1640(a)(2)(B).  The violation is well suited to Class treatment becausethe statutory penalty per borrower is limited to an amount not greater than $4,000, but on theother hand the issues are straightforward and, if there was a transferand no notice given, liability is automatic.

44.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this matter that would preclude its maintenance as a class action.

**FIRST CLAIM**

**against SLS by Plaintiff individually**

**Violation of periodic statement rule**

45.  Plaintiff incorporates by reference the allegations above set forth, and as a first claim for relief alleges as follows:

46.  From not later than 2014 through and including not earlier than July 2019, SLS failed to send to Sheida monthly

statements, or any statements, on the subject loan.  This failure had no statutory excuse as to Sheida, and even as to her ex husband, his bankrupcty was pending only from late 2014 through March 2015.

47.  During this time SLS was the servicer on the loan.

48.  The failure to send notices caused direct harm in that, among other things, the failure contributed to Sheida's reasonable belief that the subject loan had been incorporated into the loan modification or otherwise resolved, and her reliance on said belief.

49.  SLS is liable for statutory penalties and damages for failure to send the statements.

### SECOND CLAIM

**against CTF by Plaintiff individually
and on behalf of the defined class**

**Failure to Send Notice of Mortgage Transfer**

50.  Plaintiff incorporates by reference the allegations above set forth, and as a second claim for relief alleges as follows:

51.  Plaintiff brings this claim on behalf of herself individually and on behalf of a class defined as:

> That group of natural persons made up of consumer borrowers of residential mortgage loans purchased by or otherwise assigned to CTF within the applicable statute of limitations and to whom timely notice of transfer was not given under the Truth in Lending Act, 15 U.S.C. § 1641(g)(1).  The term "residential mortgage loan" means a loan secured by a deed of trust (aka mortgage) on residential property, and refers to both the loan (note) and the security instrument (deed

of trust).  The applicable statute of limitations is one year from when the consumer learned or reasonably should have learned of the transfer, which is the first date the consumer received a written notice containing the information required by TILA, 15 U.S.C. § 1641(g)(1).

52.  Within the applicable statute of limitations (which starts to run on discovery of the assignment), CTF acquired a residential mortgage loan of which plaintiff and the class members were borrowers.

53.  CTF failed to send timely and statutorily compliant notices of transfer to plaintiff and the other class members.

54.  CTF is liable for statutory penalties in respect of each failure-to-send, plus damages and attorney fees according to proof.

WHEREFORE, plaintiff prays as follows:

(a)  For statutory penalties and damages in excess of $75,000 and according to proof against SLS for violation of the periodic statement rule

(b)  For an order appointing plaintiff SHEIDA ABBASI DEZFOULY to serve as class representative and Plaintiff's counsel to serve as lead counsel for the Class;

(c)  For statutory penalties and damages in excess of $75,000 against CTF consistent with 15 U.S.C. § 1640(a)(2)(B);

(d)  All other damages to which Plaintiff and the Class may be entitled;

(e)  For costs of the action, including reasonable attorney's fees, as determined by the Court pursuant with 15 U.S.C. § 1640(a)(3);

(f)  For pre-judgment and post-judgment interest at the legal rate; and

(g)  For such other and further relief as this Court deems just and proper.

Dated:    August 13, 2020    /s/ Saied Kashani
                              Saied Kashani, SBN 144805
                              Attorney for Plaintiff
                              SHEIDA ABBASI DEZFOULY,
                              individually and on behalf
                              of the Class as herein defined

1

**JURY DEMAND**

2     Plaintiff demands trial by jury as to all issues triable by

3  jury in this action.

4

5  Dated:    August 13, 2020    /s/ Saied Kashani

6                            Saied Kashani, SBN 144805

                               Attorney for Plaintiff

7                             SHEIDA ABBASI DEZFOULY,

                             individually and on behalf

8                             of the Class as herein defined

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 **This page is part of your document - DO NOT DISCARD** 

# 20190940171

 

**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**09/12/19 AT 08:04AM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |





**L E A D S H E E T**



201909122850001

00017059898



010072414

**SEQ:**
**12**

**DAR - Mail (Intake)**



 **THIS FORM IS NOT TO BE DUPLICATED**

E534841



**17059898**

Batch Number: **10072414**

Recording Prepared by:
C. R. Hall
Requested by:
C. R. Hall

PLEASE FORWARD RECORDED DOCUMENT TO:
CTF ASSET MANAGEMENT, LLC
c/o C. R. Hall
2860 Exchange Blvd. # 100
Southlake TX 76092

### Assignment of Deed of Trust
Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS P.O. Box 2026, Flint MI 48501-2026 (Assignor) by these presents does assign and set over, without recourse, to CTF ASSET MANAGEMENT, LLC  117 WRANGLER DR; STE 100, COPPELL TX 75019 (Assignee) the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by AMIR M ALAGHEHMAND AND SHEIDA ABBASI DEZFOULY HUSBAND AND WIFE AS JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) AS NOMINEE FOR INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK ITS SUCCESSORS AND ASSIGNS.  Trustee: OLD REPUBLIC NATIONAL TITLE INSURANCE CO.  Said deed of trust Dated: 11/15/2006 is recorded in the State of CA, County of Los Angeles on 12/1/2006, Document 06 2667812 AMOUNT: $ 81,000.00    Property Address: 1236 NORTH COLUMBUS AVE UNIT 16, GLENDALE, CA 91202
IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper signatory.  Executed on: August 21, 2019
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS

By: 

Connie Marie Riggsby, Assistant Secretary

ALAGHEHMAND    *19036535*

State of TX, County of Tarrant
        Before me, C. Lafferty, Notary Public, personally appeared, Connie Marie Riggsby, Assistant Secretary known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 08/21/2019.

**C. LAFFERTY**
My Notary ID # 11593634
Expires November 30, 2022

Notary public, C. Lafferty
My commission expires: November 30, 2022

9160045652 MIN 100055401248710388 MERS Phone 888-679-6377

CA   Los Angeles                                    CTF/MBIA2/AOM/SFR

Truth In Lending Act – Mortgage Loan Ownership Transfer Notice

Amir Alaghehmand & Sheida Dezfouly
1236 Columbus Ave
Glendale, CA  91202
Mortgage Account # (SLS): 1003211363

Amir Alaghehmand & Sheida Dezfouly,

The ownership of your second mortgage loan secured by 1236 Columbus Ave has been transferred to CTF Asset Management LLC effective April 25, 2019.  Please let this letter serve as your notification to the identity of the new owner of your mortgage loan. The transfer will be publicly recorded.

FCI Lender Services will be the new servicer of your loan effective June 7, 2019. You will receive a notice from FCI with your new account number - **payments should be sent to the following address:**

> **FCI Lender Services**
> **Attn: Loan Servicing Dept.**
> **PO Box 27370**
> **Anaheim, CA 92809-0112**
> **Ph. 1-800-931-2424 ext. 423**

If you have any questions relating to the transfer of ownership, please email accounts@ctfasset.com or mail a written request to the address below.


Sincerely,

CTF Asset Management
117 Wrangler Drive, Suite 100
Coppell, TX  75019
1-888-668-1127